IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES LIABILITY
INSURANCE COMPANY, a corporation

    Plaintiff,

v.

FIRST MERCURY INSURANCE
COMPANY, UNITED SPECIALTY
INSURANCE COMPANY, and DOES
1–20,

    Defendants.
    /

FIRST MERCURY INSURANCE
COMPANY, a corporation.

    Counter-Claimant,

v.

UNITED STATES LIABILITY
INSURANCE COMPANY, a corporation,

    Counter-Defendant.
    /

No. C 15-02293 WHA

**ORDER RE MOTIONS TO DISMISS AND MOTION TO REMAND**

## INTRODUCTION

In this insurance-contribution action, two insurers move to dismiss another insurer's claim under the California Unfair Competition Law and to dismiss its prayer for punitive damages. Plaintiff moves to remand the action to state court. For the reasons stated below, plaintiff's motion to remand is **DENIED**. Defendants' motions to dismiss will be held in abeyance pending immediate mediation.

**STATEMENT**

In 2011, Meridian Bay Homeowners Association entered into a contract with Saarman Construction Ltd. to repair and repaint several condominium units. Saarman agreed that it would directly defend and indemnify Meridian Bay in any disputes arising from the work under that agreement. Saarman also agreed to maintain commercial general liability insurance, which would name Meridian Bay and its officers, directors, members, and agents as additional insureds. Saarman agreed that policy would be "primary and non-contributory" to any other policy held by Meridian Bay.[1] Saarman procured an insurance policy from defendant United Specialty Insurance Company, which named those additional insureds and included the required provisions (Compl. ¶¶ 16–18).

In turn, Saarman entered into a subcontract with Streamline Painting & Decorating, Inc., pursuant to which Streamline would perform the actual work on the Meridian Bay units. Like Saarman, Streamline agreed to indemnify and defend Meridian Bay in any dispute arising out of its work pursuant to the subcontract. Streamline further agreed to procure and in fact did procure an insurance policy from defendant First Mercury Insurance Company, which named the same additional insureds as Saarman's policy with United Specialty. That policy was also "primary and non-contributory" to any other policy held by Meridian Bay (Compl. ¶¶ 18–20).

For its part, Meridian Bay maintained its own policy with plaintiff United States Liability Insurance Company. That policy provided that in the event of a payment under the policy, the insurer would be subrogated to the insured's right of recovery against any other person or organization (Compl. ¶¶ 20–23, 26).

In sum, Meridian Bay held its own policy with United States Liability, was named as an additional insured (along with its officers, directors, members, and agents) on Saarman's policy with United Specialty and Streamline's policy with First Mercury, and was the beneficiary of Saarman's and Streamline's respective contractual obligations to indemnify and defend Meridian Bay, a "belt-and-suspenders" arrangement.

---

[1] A primary and non-contributory insurer is responsible for indemnifying an insured up to the applicable policy limit before any other insurer covering the same liability is obligated to indemnify, and the latter insurers are not obligated to share in the primary and non-contributory insurer's costs.

2

In June 2012, Sandra Rosenberg, a resident of one of Meridian Bay's condominium units, commenced a lawsuit in state court against Meridian Bay and several of its officers, directors, members, and agents, all of whom had been named additional insureds on the policies described above (collectively, "the Meridian Bay defendants"). Rosenberg alleged that the defendants were negligent and responsible for certain bodily injury and property damage she suffered as a result of the repair and repainting work. The Meridian Bay defendants tendered their defense in the Rosenberg action to their direct insurer, United States Liability, which undertook that defense (*id.* ¶¶ 24–25).

In November 2012, the Meridian Bay defendants also tendered their defense to Saarman's insurer, United Specialty, which also insured the Meridian Bay defendants as named additional insureds. United Specialty did not respond. The Meridian Bay defendants followed up with United Specialty numerous times throughout 2013 and received no response until March 2014, when United Specialty acknowledged its duty to defend the Meridian Bay defendants, but did not undertake the defense (*id.* ¶¶ 24–37).

In August 2013, the Meridian Bay defendants tendered their defense to Streamline directly as well as Streamline's insurer, First Mercury, which also insured the Meridian Bay defendants as named additional insureds. After several unanswered attempts to follow up, First Mercury accepted the defense in December 2013 and appointed counsel in January 2014, which counsel took over the entire defense of the Meridian Bay defendants (*id.* ¶¶ 38–46).

United States Liability incurred fees and costs due to its defense of Meridian Bay up until the point that First Mercury substituted its appointed defense counsel. United States Liability commenced this action in state court in March 2014, alleging claims for equitable subrogation, contribution, and violations of the Unfair Competition Law. Cal. Bus. & Prof. Code § 17200, *et. seq.* United States Liability also seeks an order declaring that it is entitled to reimbursement for the full fees and costs it incurred in defending Meridian Bay. Among its prayers for relief, United States Liability seeks punitive damages. The action was removed to federal court on the basis of diversity jurisdiction. After removal, First Mercury filed counterclaims against United States Liability, seeking declaratory relief and contribution.

3

1    First Mercury and United Specialty each move to dismiss United States Liability's third
2    claim (for violation of Section 17200) and to strike United States Liability's prayer for punitive
3    damages. United States Liability moves to remand this action to state court. This order follows
4    full briefing and oral argument.

**ANALYSIS**

**1.    REMAND.**

United States Liability argues that this action should be remanded to state court inasmuch as the defendants were "local" citizens without a right of removal, the insurance policies included "service-of-suit provisions," or in the alternative, that the Court should abstain from exercising jurisdiction.

**A.    Diversity.**

Under the "local" defendant rule, removal on the basis of diversity is *not* permitted if any defendant is a citizen of the state in which the action is brought. 28 U.S.C. 1441(b)(2). Here, we have complete diversity between the two sides, and neither defendant is a California citizen. The only issue is whether the "local" exception to removal applies by reason of the California citizenship of an unnamed but relevant party.

Under Section 1332(c)(1) of Title 28 of the United States Code, "in any direct action against the insurer of a policy or contract of liability insurance" to which the insured is not joined, the insurer is deemed a citizen of every state of which the insured is a citizen, among other places. United States Liability argues that this action is a direct action against insurers of Saarman and Streamline (neither of which is a defendant), both of which are California citizens, whose citizenship must be imputed to defendants, and therefore a remand is required. Defendants reply that this is not a "direct action," so Section 1332(c)(1) does not apply.

"Courts have uniformly defined the term 'direct action' . . . as those cases in which a party suffering injuries or damages for which another is legally responsible is entitled to bring suit against the other's liability insurer without joining the insured or first obtaining a judgment against him." *Beckham v. Safeco Ins. Co. of America*, 691 F.2d 898, 901–02 (9th Cir. 1982). That is, for the purposes of Section 1332(c)(1), a direct action is one — generally authorized by

4

1  statute — which permits a victim to sue the tortfeasor's liability insurer for claims against that
2  tortfeasor (for which the insurer would presumably indemnify the tortfeasor). *See Searles v.*
3  *Cincinnati Ins. Co.*, 998 F.2d 728, 730 (9th Cir. 1993).

4  The direct action provision in Section 1332(c)(1) developed after the Louisiana
5  legislature enacted a statute permitting such actions, which led to an influx of insurance cases
6  brought in federal court.

> Believing that such suits did "not come within the spirit or the intent of the basic purpose of the diversity jurisdiction of the Federal judicial system," Congress enacted the proviso "to eliminate under the diversity jurisdiction of the U.S. district courts, suits on certain tort claims in which both parties are local residents, but which, under a State 'direct action statute' may be brought directly *against* a foreign insurance carrier without joining the local tort-feasor as a defendant."

*Northbrook Nat'l Ins. Co. v. Brewer*, 493 U.S. 6, 9–10 (1989) (quoting S. Rep. No. 1308, 88th Cong. 2d Sess. 7 (1964); 1964 U.S.C.C.A.N. 2778, 2778–79, 2784).  That is, the direct action provision was enacted to prevent plaintiffs from using direct actions to avoid a state forum where the dispute was one that would be limited to state court if brought against the real party in interest.  That is not our case.

Our plaintiff, United States Liability, claims it is entitled to full or partial reimbursement of the costs it incurred to defend Meridian Bay in the *Rosenberg* action.  Simply put, this is a case involving three insurers all of whom had policies insuring Meridian Bay and the issue to be litigated is the extent of reimbursement among those three.  This is not a "direct action" as used in the statute and thus no one's citizenship gets imputed to our defendants.

As stated above, an action is only a "direct action" within the meaning of Section 1332(c)(1) if it is an action based on the misconduct of another brought directly against the wrongdoer's insurer.  This is not a direct action against defendants based on any misconduct of their insured, Meridian Bay, as United States Liability does not claim Meridian Bay is responsible for any injury.[2]

---

[2] Contrary to United States Liability, this action is not grounded in the misconduct of Saarman and Streamline.  Instead, it is a straightforward instance of three insurers with duties to the same insured and this suit is a straightforward action to allocate the cost of defense.  But even indulging the assumption that the claims at

5

### B.  Service-of-Suit Provisions.

For the first time in its reply, United States Liability submitted First Mercury's and United Specialty's general liability policies and argues that defendants waived their rights to removal because those policies included "service-of-suit" provisions, pursuant to which defendants agreed to abide by any requests by their insureds' to submit to the jurisdiction of any court of competent jurisdiction and to comply with all requirements necessary to give such court jurisdiction (Diemer Decl., Exhs. D–E).  United States Liability argues that those provisions, if enforceable, would function as a waiver of defendants' rights to removal and that it is entitled to enforce those provisions as an equitable subrogee of the insured.  In defendants' sur-replies (for which they sought leave to file in response to United States Liability's reply) defendants respond that United States Liability's claims are based in equity, not the language of the insurers' contracts, so United States Liability cannot enforce the insureds' rights pursuant to the service-of-suit provisions.[3]

United States Liability misconstrues its rights as an *equitable* subrogee.  Equitable subrogation entitles an insurer to a right to recover based on "equitable principles designed to accomplish ultimate justice in the bearing of a specific burden.  As these principles do not stem from agreement between the insurers, their application is not controlled by the language of their contracts with the respective policy holders." *Fortman v. Safeco Ins. Co.*, 221 Cal. App. 3d 1394, 1399 (1990).  The rights of the service-of-suit provisions are not equitable rights that must

---

issue are based on misconduct of Saarman and Streamline; the only conduct that could conceivably obligate Saarman and Streamline to reimburse United States Liability for defense costs would be their contractual obligations to defend and indemnify Meridian Bay directly.  Although defendants additionally and separately insured Saarman and Streamline, those policies covered liability for bodily injury, property damage, and personal and advertising damage (Diemer Decl., Exhs. D–E).  Nothing in those policies covered Saarman or Streamline for liability for any failure to defend Meridian Bay arising out of any contractual obligations.

[3] Defendants filed objections and motions to strike United States Liability's reply evidence and sought leave to file sur-replies.  United States Liability filed an objection to defendants' motions, arguing the motions were improper as they were noticed for hearing only seventeen days later (simultaneous with the hearing on the motions herein).  Moreover, United States Liability argues its reply evidence was proper as it pertained to subject-matter jurisdiction, which could be raised at any point prior to final judgment.  Rather than strike the reply evidence, which United States Liability could raise at a later date, this order considers all arguments raised in the parties' briefs.  If United States Liability wanted to brief its argument on the service-of-suit provisions on a 35-day calendar, it should have raised the argument in a separate motion.  Defendants' respective motions for leave to file sur-replies are hereby **GRANTED**.

1  be enforced to accomplish justice based on United States Liability's burden.  Rather, they are
2  contractual rights, and United States Liability does not have standing to enforce those rights as
3  an equitable subrogee.

### C. Abstention.

United States Liability last argues that the Court should abstain from exercising its jurisdiction herein and remand, saying that all six claims (including counterclaims) are for equitable relief and based solely on state law and because they primarily depend on the resolution of the claims for declaratory relief.  In determining whether to exercise discretion in a case involving declaratory relief while a related proceeding is pending in state court, a district court should consider whether the issues in the federal suit "can better be settled in the proceeding pending in state court."  *Brillhart v. Excess Ins. Co. of America*, 316 U.S. 491, 495 (1942).

In *Brillhart*, a party whose decedent was killed in an automobile accident instituted a garnishment proceeding in state court against the driver's insurer in order to recover part of a judgment against the driver.  The insurer had filed for bankruptcy, so the plaintiff sought to name the insurer's reinsurer in the garnishment proceeding.  Prior to being named as a party in the garnishment action, however, the reinsurer filed a suit in federal court seeking declaratory relief regarding its obligations under the reinsurance agreement.  The Supreme Court held that in order to avoid "[g]ratuitous interference with the orderly and comprehensive disposition of a state court litigation," a federal district court should consider whether the questions before it could "better be settled in the proceeding pending in the state court."  *Id.* at 495.

There is no indication that the issues here would be better settled in the *Rosenberg* action.  None of the parties here is a party to that action, and that action involves the liability of Meridian Bay based on Saarman's and Streamline's work on Rosenberg's property.[4]  That litigation does

---

[4] United States Liability objects to United Specialty's request for judicial notice as to this point in a brief filed concurrently with its reply brief.  United Specialty, in turn, asks the Court to disregard those objections as they should have been included in the reply brief pursuant to Civil L.R. 7-3(c).  United States Liability's objections are purely substantive arguments that should have been included in its reply brief, however, as its reply brief was only ten pages long, United Specialty was not prejudiced by United States Liability's separate and concurrent filing of its objection.  Accordingly, the Court considers those arguments as

7

not involve interpretation of defendants' insurance policies or the equitable allocation of defense costs among the parties. Adjudication of that case will not settle the dispute here, so *Brillhart* does not counsel towards abstention.

United States Liability also argues that the abstention is appropriate as a matter of comity because its claim under the unlawful prong of the Unfair Competition Law is based on alleged predicate violations of the Unfair Insurance Practices Act, and those predicate violations are enforced by a state agency. It cites *Burford v. Sun Oil Co.*, 319 U.S. 315, 334 (1943), as support for the contention that comity counsels towards abstention from adjudication of issues of law administered by a state agency, but that decision did not go so far. *Burfurd* addressed the concern of federal review of the validity of an order issued by a state agency and noted the possibility of conflict between the federal and state systems counseled toward abstention. Our case simply involves the application of state law by a federal court, not review of a state agency determination, so United States Liability's comity argument is unavailing.

Nevertheless, while the *Rosenberg* action is pending, the amount of defense costs, expenses, and any judgments or settlement that will be the subject of this action remain unsettled. Given that the Meridian Bay defendants have been continuously defended in the *Rosenberg* action and (as confirmed at oral argument) there is no concern that any party will be financially unable to provide a continued defense for the Meridian Bay defendants, expedient resolution of this dispute is not necessary to protect the parties' mutual insureds. Thus, although abstention is not appropriate in this case, it is unnecessary to address United States Liability's Section 17200 claim or other abstract issues until there is a concrete outcome in the *Rosenberg* action. At oral argument, the parties asked the Court to hold defendants' motion to dismiss in abeyance pending immediate mediation, rather than staying the action pending the conclusion of the *Rosenberg* action. The Court agreed and referred the parties to mediation (Dkt. No. 54).

---

if argued in the brief. United States Liability is warned, however, that future violations of this Court's procedures may result in wholesale denial of requests.

8

**CONCLUSION**

For the reasons stated above, United States Liability's motion to remand is **DENIED**. Defendants' motions to dismiss shall be held in abeyance pending immediate mediation. United Specialty has requested judicial notice of several documents filed in the *Rosenberg* action. To the extent those documents are not relied upon above, United Specialty's motion is **DENIED AS MOOT**.

The parties shall appear for a case management conference on **FEBRUARY 4, 2016** at **11:00 A.M.**

**IT IS SO ORDERED.**

Dated:   August 17, 2015.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

9